UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                   :

JAVIER GUERRERO,                             15cv5282

               :

               Petitioner,             12cr459

               :

          -against-             OPINION & ORDER

               :

UNITED STATES OF AMERICA,

               :

               Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Petitioner pro se Javier Guerrero moves, pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure, for reconsideration of this Court's June 2, 2016 Memorandum and

Order denying his petition for habeas corpus.  Guerrero's motion is denied.

BACKGROUND

        On March 23, 2009, Guerrero pled guilty to a sealed Information charging him

with conspiring to distribute narcotics.  At the Government's request, this Court released

Guerrero on bail to allow him to cooperate proactively with the Government.

        In May 2012, after providing substantial assistance to the Government for more

than three years, Guerrero fled the United States as his sentencing date approached.  Thereafter,

this Court issued a warrant for Guerrero's arrest.  Guerrero was arrested in Paraguay and

extradited to the United States.

        In May 2014, this Court sentenced Guerrero principally to a term of 121 months

of imprisonment.  Guerrero subsequently petitioned for habeas relief, arguing that (1) this Court

erred in refusing to reduce his Guidelines range for acceptance of responsibility, (2) the

Government improperly declined to move for a downward departure under Section 5K1.1 of the Guidelines for providing assistance in an investigation, and (3) ineffective assistance of counsel. In June 2016, this Court denied Guerrero's petition.  (See June 2, 2016, Memorandum and Order (ECF No. 8) ("Memorandum and Order").)  Guerrero now seeks reconsideration.

## STANDARD

"The standard for reconsideration is strict and the decision is within the sound discretion of the district court."  Fabricio v. Artus, No. 06-cv-2049 (WHP), 2013 WL 2126120, at *1 (S.D.N.Y. Apr. 18, 2013) (citation omitted).  "A motion for reconsideration . . . will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Panchishak v. U.S. Dep't of Homeland Sec., No. 08-cv-6448 (WHP), 2010 WL 4780775, at *1 (S.D.N.Y. Nov. 22, 2010) (internal quotation marks omitted) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  "Motions for reconsideration are not opportunities to repeat arguments that have been fully considered and rejected by the Court."  Thaler v. United States, 706 F. Supp. 2d 361, 374 (S.D.N.Y. 2009).

## DISCUSSION

Guerrero contends that this Court "failed in its analysis to apply the law as to the Government's refusal to file a motion pursuant to U.S.S.G. § 5K1.1 since it was the Government which caused the breach of the original plea agreement by neglecting either by omission or purposely to ensure the Petitioner['s] safety."  (Motion for Reconsideration ("Mot."), July 6, 2016 (ECF No. 9.), at 2–3.)

Guerrero's motion cites no controlling law or factual matters that this Court overlooked and might reasonably be expected to alter the outcome of its prior Memorandum and

Order.  See Mallet v. Miller, 438 F. Supp. 2d 276, 277–78 (S.D.N.Y. 2006) (denying motion for reconsideration where petitioner "cite[d] no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Order" and merely urge[d] reconsideration on the basis of precisely the same arguments that were raised in his petition").  Guerrero advanced the same argument on same facts in his motion for habeas relief that this Court previously considered and rejected.  (See July 7, 2015 Motion to Correct Sentence ("Habeas Pet."), ECF No. 1; November 30, 2015 Reply Motion, ECF No. 5.)  There, this Court analyzed Guerrero's Cooperation Agreement according to the principles of contract law and found that the "Government was under no obligation to move for a downward departure" because Guerrero breached the agreement.  (See Memorandum and Order, at 4–6.)

To the extent Guerrero's motion can be construed to raise new arguments, such arguments may not be raised for the first time on a motion for reconsideration.  See Richards v. United States, No. 11-cv-1341 (HB), 2012 WL 70344, at *2 (S.D.N.Y. Jan. 9, 2012) ("I need not consider new arguments raised for the first time in these motions based on evidence previously available to [petitioner]."); De Los Santos v. Fingerson, No. 97-cv-3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) ("Reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings. (internal quotation marks omitted)).

Even if this Court construed some of Guerrero's arguments as new and nevertheless went on to analyze them, Guerrero fares no better.  Guerrero asserts that the Government breached the Cooperation Agreement first, by not ensuring his safety.  However, "[e]ven assuming, arguendo, that [Guerrero] might at one point have been entitled . . . to compel

-3-

the [G]overnment's performance, [Guerrero] forfeited any such rights when he jumped bail and became a fugitive, in violation of the express terms of his cooperation agreement." United States v. El-Gheur, 201 F.3d 90, 93 (2d Cir. 2000).  Next, Guerrero asserts that the Government failed to refute his proffered justifications for fleeing.  (See Mot. at 5 ("The Government did not at any point explain why with the Petitioner knowing that he had a substantial reduction on the horizon would abscond.").)  But the Government is under no obligation to refute Guerrero's justification for fleeing.  And, as this Court observed, "Guerrero absconded to Paraguay to avoid surrendering to serve a term of imprisonment."  (Memorandum & Order, at 3.)

CONCLUSION

Petitioner pro se Javier Guerrero's motion for reconsideration is denied.  In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of Court is directed to mail a copy of this Order to Petitioner pro se.

Dated: September 19, 2016
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

-4-